```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Gerry Ruff-El,                  :

    Plaintiff,                :

  v.                           :         Case No. 2:11-cv-0618

                                :

Nicholas Financial Inc.                  Magistrate Judge Kemp
    et al.,
                                :

    Defendants.

<u>OPINION AND ORDER</u>

    This matter is before the Court to consider the motion to dismiss filed by defendants Todd Stonewall, Nicholas Financial, Inc. and Peter L. Vosotas (the Nicholas defendants). The motion has been fully briefed. For the following reasons, the motion to dismiss will be granted.

                             I.  <u>Background</u>

    Plaintiff Gerry Ruff-El filed this action as a result of the seizure of some of his property by alleged agents of defendant Nicholas Financial. In addition to the defendants who have moved to dismiss, Mr. Ruff-El named as defendants the Columbus Police Department and several police officers including Chief of Police Walter L. Distelweig, Travis D. Fisher, Joshua S. Daugherty, Lisa M. Ickes, Austin C. Summers, Matt E. Harris, Larry E. Ferguson, and John A. Sullivan (the City defendants). The individual City defendants have been named in both their "official and personal" capacities and are alleged to have unlawfully arrested Mr. Ruff-El in connection with the seizure of his property. Mr. Ruff-El also has named Gregory Green and Gregory Swartz as defendants. According to the complaint, it appears that Mr. Green and Mr. Swartz are the alleged agents of Nicholas Financial involved in

the seizure of Mr. Ruff-El's property.  The Court's docket reflects that service has not been made on Mr. Green or Mr. Swartz.  Mr. Ruff-El asserts a number of federal and state law claims in his complaint including breach of fiduciary duties, violations of 42 U.S.C. §1983 and §1985, breach of contract, assault, battery, fraud, and violations of 18 U.S.C. §242 and §1652.

## II.  The Motion to Dismiss

The Nicholas defendants have moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Mr. Ruff-El's claims against them for failure to state a claim upon which relief can be granted.  According to their motion, all of Mr. Ruff-El's claims fail for various reasons.  In response, Mr. Ruff-El has filed a document captioned as a "writ of mandamus to strike scandalous immaterial, impertinent, materials from defendants Todd Stonewall, Nicholas Financial, Inc and Peter L, Vosotas motion to dismiss and memorandum, legal argument and conclusion."  Through this filing, Mr. Ruff-El expresses his disagreement with various statements made by the Nicholas defendants in their motion to dismiss, requests that these statements be stricken, and seeks to remind the Court of its responsibility to pro se litigants.  In reply, the Nicholas defendants assert that Mr. Ruff-El's filing is not responsive to the motion to dismiss.  They note that pro se litigants are not exempt from the Federal Rules of Civil Procedure and request that Mr. Ruff-El's claims against them be dismissed with prejudice at his cost.

## III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236

(1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts. Erickson v. Pardus, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

-3-

Id. It is with these standards in mind that the motion to dismiss will be decided.

IV.  Analysis

As described above, Mr. Ruff-El has set forth both federal and state law claims against the Nicholas defendants in his complaint. The Court will address the motion to dismiss as it relates to his federal claims first.

Mr. Ruff-El's first federal claim arises under 42 U.S.C. §1983. According to the Nicholas defendants, §1983 applies only to persons acting under color of state law and they are private parties who cannot be considered state actors. There is no question that only a "'state actor'" acting "'under color of law'" can be liable under §1983. Moldowan v. City of Warren, 578 F.3d 351, 399 (6th Cir. 2009) quoting Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003). Nicholas Financial, Inc. appears to be a private corporation and there are no allegations in the complaint suggesting that it is any type of state entity. Further, although the complaint does not explain the relationship between the individual Nicholas defendants and the corporation, the motion to dismiss represents that Mr. Stonewall and Mr. Vosotas are employees of Nicholas Financial, Inc. Mr. Ruff-El does not dispute this representation. As a result, Mr. Stonewall and Mr. Vosotas appear to be private citizens and not state employees for purposes of Mr. Ruff-El's claims against them.

A private actor's conduct can be considered attributable to the state only if one of three alternative tests is satisfied: (1) the public function test; (2) the state-compulsion test; or (3) the nexus, or symbiotic-relationship, test. Mr. Ruff-El has failed to allege any facts suggesting that the Nicholas defendants satisfy any of these tests. Moldowan, at 399. Consequently, the motion to dismiss will be granted as to this claim.

Mr. Ruff-el also asserts a claim under 42 U.S.C. § 1985.

That statute prohibits conspiracies interfering with civil rights.  Subsection (1) of §1985 relates to a conspiracy to keep a person from accepting or holding an office or preventing him from discharging his duties.  Subsection (2) deals with a conspiracy to obstruct justice with the intent to deny equal protection of the law.  Subsection (3) is directed to conspiracies to deprive persons or classes of persons of federally protected rights based on some protected class such as race, gender, or religion.  Williams v. Wayne County, 2011 WL 479959 (E.D. Mich. Feb. 4, 2011).

In his complaint, Mr. Ruff-El does not identify under which particular prong of §1985 his claim arises.  Rather, he alleges that the defendants conspired to deprive him of his right to equal protection under the law and to take his property without due process.  Based on this allegation, the Court construes Mr. Ruff-El's claim as one brought under subsection (3).

To state a claim for relief under 42 U.S.C. §1985(3), a complaint must allege that defendants "1) conspired 2) for the purpose of depriving any person or class of the equal protection of the laws, and that 3) one or more of the conspirators committed an act in furtherance of the conspiracy, 4) 'whereby another was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.'" Watkins v. New Albany Plain Local Schools, 711 F.Supp.2d 817 (S.D. Ohio 2010) (Graham, J.) quoting Domokur v. Milton Township Bd. of Trustees, 2007 WL 2688175(N.D. Ohio Sept. 10, 2007) (citations omitted).

> As explained by the Court in Watkins,
>
> The claim must be based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); O'Neill v. Grayson County War Memorial Hospital, 472 F.2d 1140 (6th Cir. 1973) (a

>   §1985(3) claim "must be founded on a class-based
>   invidious discrimination."). That is, 42 U.S.C.
>   §1985(3) covers "only those conspiracies against: (1)
>   classes who receive heightened protection under the
>   Equal Protection Clause; and (2) those individuals who
>   join together as a class for the purpose of asserting
>   certain fundamental rights." Warner v. Greenebaum,
>   Doll & McDonald, 104 Fed.Appx. 493, 498 (6th Cir. 2004)
>   (citations omitted). A class covered under § 1985(3)
>   must be "more than a group of individuals who share a
>   desire to engage in conduct that the §1985(3) defendant
>   disfavors." Bray v. Alexandria Women's Health Clinic,
>   506 U.S. 263, 269, 113 S.Ct. 753, 122 L.Ed.2d 34
>   (1993).

Because Mr. Ruff-El has not claimed that any violations he alleges were motivated by a class-based animus, he has failed to adequately allege a violation of 1985(3). Consequently, the Nicholas defendants' motion to dismiss will be granted as to this claim.

Mr. Ruff-El also asserts a claim against the Nicholas defendants for violations of 18 U.S.C. §242 and §1652, both federal criminal statutes. The Nicholas defendants contend that these federal criminal statutes do not give rise to a private cause of action. Further, they contend that 18 U.S.C. §1652 relates to piracy on the high seas and has no application to Mr. Ruff-El's claims.

As a general matter, private individuals have no standing to enforce federal criminal statutes. That enforcement must occur, if at all, by way of a criminal action instituted by the United States. See, e.g., American Postal Workers Union v. Independent Postal System of America, 481 F.2d 90 (6th Cir. 1973). Moreover, it is well-settled that no private right of action exists under 18 U.S.C. §242, a statute which criminalizes certain deprivations of civil rights. U.S. v. Oguaju, 76 Fed.Appx. 579 (6th Cir. July 9, 2003); see also Kelly v. City of New Philadelphia, 2011 WL 3705151 (N.D. Ohio Aug. 22, 2011)(citing cases). Further, no court has concluded that Congress intended

to create a private civil right of action in favor of private individuals under 18 U.S.C. §1652. Even if a private right of action existed under this statute, it would have no relationship to Mr. Ruff-El's claims here. Rather, that statute establishes that any United States citizen who commits various crimes on the high seas, including murder or robbery, is a pirate subject to life imprisonment. Mr. Ruff-El has alleged no facts supporting such a claim.

With respect to Mr. Ruff-El's state law claims, where a district court would have jurisdiction over state law claims solely by way of supplemental jurisdiction and the federal claims are dismissed, the state law claims should be dismissed without reaching their merits. Sharwell v. Selva, 4 Fed.Appx. 226 (6th Cir. 2001). As set forth above, the complaint states no viable federal claim against any of the Nicholas defendants. Further, it appears from the allegations of the complaint that the Court lacks independent jurisdiction over Mr. Ruff-El's state law claims under the diversity statute because complete diversity does not exist between Mr. Ruff-El and all of the defendants. Accordingly, the Nicholas defendants' motion to dismiss will be granted without prejudice as to Mr. Ruff-El's state law claims of breach of fiduciary duty, breach of contract, assault, battery and fraud.

## V. Disposition

For all of the reasons stated above, the motion to dismiss (#12) is granted. This dismissal is without prejudice to Mr. Ruff-El's ability to pursue his state law claims in state court should he so choose.

/s/ Terence P. Kemp
United States Magistrate Judge