```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Gerry Ruff-El,                :

      Plaintiff,          :

  v.                          :   Case No. 2:11-cv-618

Nicholas Financial, Inc.,     :   Magistrate Judge Kemp
et al.,

      Defendants.         :

## ORDER

This case is before the Court to consider various motions filed by plaintiff Gerry Ruff-El and the defendants remaining in this case following the Court's order of January 26, 2012, granting the motion to dismiss filed by Nicholas Financial, Inc., Peter L. Vosotas, and Todd Stonewall (the Nicholas defendants). The motions filed by Mr. Ruff-El include a motion for a jury trial (#23) and a motion for default judgment (#31). The remaining defendants have filed a motion for partial judgment on the pleadings (#28). Also pending before the Court is a motion to quash plaintiff's subpoena filed by counsel for both the Nicholas defendants and the remaining defendants. These motions either have been fully briefed or the time for doing so has passed. As set forth below, the motions for a jury trial, for partial judgment on the pleadings, and to quash plaintiff's subpoena (#23, #26, and #28) will be granted. The motion for default judgment (#31) will be denied.

### I. Background

The facts of this case were set forth in the Court's previous opinion and order. Briefly, for purposes of the current motions, Mr. Ruff-El filed this action as a result of the seizure of some of his property by alleged agents of Nicholas Financial.

In addition to the original Nicholas defendants, Mr. Ruff-El named as defendants the Columbus Police Department and several police officers including Chief of Police Walter L. Distelweig, Travis D. Fisher, Joshua S. Daugherty, Lisa M. Ickes, Austin C. Summers, Matt E. Harris, Larry E. Ferguson, and John A. Sullivan (the City or remaining defendants).  The individual City defendants have been named in both their "official and personal" capacities and are alleged to have unlawfully arrested Mr. Ruff-El in connection with the seizure of his property.

II.  Mr. Ruff-El's motion for a jury trial

Turning first to Mr. Ruff-El's motion for a jury trial, pursuant to Fed.R.Civ.P. 38, "a party may demand a jury trial by ... serving the other parties with a written demand – which may be included in a pleading...." Fed.R.Civ.P. 38(b)(1).  "'A district court has broad discretion in ruling on a Rule 39(b) motion.'" Moody v. Pepsi-Cola Metro. Bottling Co., Inc., 915 F.2d 201, 207 (6th Cir. 1990) quoting Kitchen v. Chippewa Valley Sch., 825 F.2d 1004, 1013 (6th Cir. 1987).  However, "the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." Id. citing Kitchen, 825 F.2d at 1013.  As explained by the court in Bedwell v. U.S. Bank Nat. Ass'n, 2009 WL 3823294, *1 (W.D. Mich. November 13, 2009), several factors have been identified as being relevant to the court's exercise of its discretion including:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

Id. quoting Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983).  The Sixth Circuit has indicated that the nonmovant's

failure to demonstrate any prejudice may be sufficient on its own to justify granting a delayed motion for a jury trial. Id. citing Moody, 915 F.2d at 207-08.

Here, to the extent that Mr. Ruff-El simply is asserting a jury demand, the motion is unopposed and the Court will note this demand. Mr. Ruff-El will be afforded a jury trial if and when this case reaches that stage of the proceedings. See Russell v. Tribley, 2011 WL 4387589, *12 (E.D. Mich. August 10, 2011) (citing cases). The Court will direct the clerk to designate the action as a jury action on the docket in accordance with Rule 39. Id.; see also Fed. R. Civ. P. 39(a) ("When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.").

To the extent Mr. Ruff-El could be construed as requesting that the Court immediately schedule the case for a jury trial, however, such a request will be denied. The parties have not conducted any discovery, and, as noted by the Court in its previous order, some of the defendants have not been served. Consequently, any request for a jury trial at this point would be premature. Russell, 2011 WL 4387589, *12.

Similarly, to the extent Mr. Ruff-El may be suggesting that he has a right to a jury trial regardless of any conclusion by the Court that his claims fail on the merits or are otherwise subject to dismissal, such an argument would not succeed. Rule 38 merely preserves "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by federal statute[.]" Fed. R. Civ. P. 38(a). Dismissal for failure to state a claim under Rule 12(b)(6) does not deprive a litigant of his Seventh Amendment right to a jury trial. Russell, 2011 WL 4387589, *12.

    III.   Motion for Partial Judgment on the Pleadings

In their motion for partial judgment on the pleadings, the

City defendants assert that, for the reasons set forth in the Court's previous order, they are entitled to dismissal of Mr. Ruff-El's claims under 42 U.S.C. §1985, and 18 U.S.C. §242 and §1652.  In response, Mr. Ruff-El, apparently believing that the City defendants are seeking summary judgment, contends that their motion is premature because discovery has not been completed. Mr. Ruff-El also asserts that the City of Columbus is a private corporation.  In reply, the City defendants note Mr. Ruff-El's mistaken belief that they had filed a motion for summary judgment.  Further, they argue that Mr. Ruff-El's new allegation that the City is a corporation is incorrect and has no bearing on his claims under 42 U.S.C. §1985, 18 U.S.C. §242, or 18 U.S.C. §1652.

   A motion for judgment on the pleadings filed under Fed.R.Civ.P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such motion, the Court must accept as true all well- pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973).  The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility.  See,e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

In its previous order, the Court construed Mr. Ruff-El's 42 U.S.C. §1985 claim as arising under subsection (3). Noting that a claim under §1985(3) must be based on some racial or class-based animus, see Griffin v. Breckenridge, 403 U.S. 88, 102 (1971), and that Mr. Ruff-El had made no such allegations in his complaint, the Court granted the motion to dismiss as to this claim. Additionally, the Court held that no private right of action exists with respect to claims under 18 U.S.C. §§242 or 1652. For the same reasons set out at length in the Court's previous order granting the motion to dismiss, the motion for judgment on the pleadings will be granted as to these specific claims against the City defendants.

IV. Plaintiff's Motion for Default Judgment

Mr. Ruff-El also has filed a motion captioned as "Request for Default Judgment AFFIDAVID IN SUPPORT FOR DEFAULT JUDGMENT." In this filing, Mr. Ruff-El asserts that the City defendants have failed to plead or otherwise defend as required by Fed.R.Civ.P. 55(a). The City defendants have responded noting that Mr. Ruff-El's motion is unclear as to whether he is seeking an entry of default or a default judgment. Regardless, however, they assert that he is entitled to neither because they have filed an answer and actively defended this case.

In order for Mr. Ruff-El to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default judgment is governed by Fed.R.Civ.P. 55(b). A default judgment cannot be entered unless a default has previously been entered by the clerk under Rule 55(a). However, a default cannot be entered unless a party has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a). Here, there is no question that the City defendants have appeared, have timely filed an answer, and are actively litigating this case. Consequently, they are not in default and Mr. Ruff-El's motion

will be denied.  See Fed.R.Civ.P. 55(a).

## V.  The Motion to Quash

The final motion currently ripe for the Court's consideration is a motion to quash the subpoena issued to defense counsel John R. Wirthlin and Andrew D.M. Miller.  Through this subpoena issued January 6, 2012, Mr. Ruff-El seeks "a certified copy of their oath's of Office, License to practice law and the Delegation of authority order of who issued their license to practice Law."  Counsel have moved to quash the subpoena on grounds that it subjects them to an undue burden under Fed.R.Civ.P. 45a(c)(3)(A)(iv) and fails to satisfy the criteria set forth in Shelton v. American Motors, 805 F.2d 1323, 1327 (8th Cir. 1986) and adopted by the Sixth Circuit in Nationwide Mutual Ins. Co. v. Home Ins. Co., 278 F.3d 621, 628 (6th Cir. 2002), for obtaining discovery from an opposing party's trial counsel.  Mr. Ruff-El did not file a timely response to this motion but instead, on February 14, 2012, filed the proof of service relating to the subpoena.  Attorney Miller construed Mr. Ruff-El's filing as a response and filed a reply.  The gist of this reply is that service of the subpoena is not in dispute and the Mr. Ruff-El's filing did not cure the substantive defects in the subpoena.

To the extent that Mr. Ruff-El's re-filing of the subpoena can be considered a response to the motion to quash, the general principles involving the proper scope of discovery are well known.  The Federal Rules of Civil Procedure authorize extremely broad discovery. United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977). Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery. Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D. Ohio 1980).  Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible

evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best."  Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  See Herbert v. Lando, 441 U.S. 153 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources.  See Fed.R.Civ.P. 26(b)(2).  Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules.  Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...."  Upon a

showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

Under very narrow circumstances, a court may permit discovery from opposing counsel. Such discovery "is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" Nationwide, 278 F.3d at 628 quoting Shelton, 805 F.2d at 1327.

As defense counsel has pointed out, Mr. Ruff-El cannot meet any of the above criteria. Mr. Ruff-El has other means to obtain the information he seeks and he has failed to demonstrate how evidence of counsels' license to practice law is either remotely relevant to, or crucial to his preparation of, this case. Nor can the Court perceive how such information obtained from counsel authorized to practice law before this Court would assist Mr. Ruff-El in pursuing his claims in this case. Consequently, the motion to quash will be granted.

## VI. Remaining Issues

The Court notes that on March 5, 2012, Mr. Ruff-El filed what appears to be a motion for a temporary restraining order. Defendants shall file a response to this motion within seven days of the date of this order.

## VII. Conclusion

Based on the foregoing, the motion for a jury trial (#23) is granted as explained above. Further, the motion to quash plaintiff's subpoena (#26) is granted. The motion for partial judgment on the pleadings (#28) is granted with respect to plaintiff's claims under 42 U.S.C. §1985 and 18 U.S.C. §§242 and 1652. The motion for default judgment (#31) is denied. The Clerk shall designate this action as a jury action on the docket.

Defendants' response to the motion for a temporary restraining order shall be filed within seven days of the date of this order.

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge