IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gerry Ruff-El,                      :

    Plaintiff,                  :

  v.                              :      Case No. 2:11-cv-618

Nicholas Financial, Inc.,           :      Magistrate Judge Kemp
et al.,

    Defendants.                 :

OPINION AND ORDER

This case, in which all parties have consented to disposition by the Magistrate Judge, see 28 U.S.C. §636(c), is before the Court to consider the motion for summary judgment filed by the City defendants. Mr. Ruff-El has not responded to this motion, nor has he requested any extension of time for doing so and the time to respond has now passed. For the following reasons, the motion for summary judgment (#79) will be granted. Further, all other pending motions, the majority of which have been filed by the City defendants, will be denied as moot, and this case will be dismissed.

I. Background

Plaintiff Gerry Ruff-El filed this action as a result of the attempted seizure of his property by individuals believed to be agents of defendant Nicholas Financial, Inc. In addition to Nicholas Financial, the complaint named as defendants Todd Stonewall, Peter L. Vosotas, the Columbus Police Department and several police officers including then Chief of Police Walter L. Distelweig, Travis D. Fisher, Joshua S. Daugherty, Lisa M. Ickes, Austin C. Summers, Matt E. Harris, Larry E. Ferguson, and John A. Sullivan (the City defendants), Gregory Green and Gregory Swartz. Mr. Ruff-El failed to complete service with respect to Mr. Green

and Mr. Swartz.

On January 26, 2012, the Court dismissed all claims against Todd Stonewall, Nicholas Financial, Inc. and Peter L. Vosotas (the Nicholas defendants) in response to their motion. In dismissing these claims, the Court noted that Mr. Ruff-El had failed to state a claim against these defendants under 42 U.S.C. §1983 because they were private parties who could not be considered state actors. Further, the Court dismissed Mr. Ruff-El's claim under 42 U.S.C. §1985(3) because he had failed to allege that any violations were motivated by class-based animus. With respect to Mr. Ruff-El's claims for violations of federal criminal statutes, 18 U.S.C. §242 and §1652, the Court dismissed these claims because no private right of action in favor of private individuals exists. Because Mr. Ruff-El had failed to state a federal claim and no independent jurisdiction existed over his state law claims, the Court dismissed the state law claims without prejudice. Mr. Ruff-El's motion for reconsideration of this order, filed April 4, 2012, was denied.

On the basis of that order, the City defendants moved for dismissal of Mr. Ruff-El's claims under 42 U.S.C. §1985 and 18 U.S.C. §242 and §1652 against them. The Court granted this motion by order dated March 14, 2012.

On February 10, 2012, Mr. Ruff-El filed a motion to amend his complaint. In that filing, Mr. Ruff-El again sought to assert claims under 42 U.S.C. §1983 and 18 U.S.C. §242 and §1652 against the Nicholas defendants. He also sought to assert a claim under the Fair Debt Collection Practices Act, 15 U.S.C. 1692d and various state law claims. Further, he sought to include an additional Nicholas Financial employee, Ralph Finkenbrink, as a defendant. Mr. Ruff-El's motion to amend was denied by order dated March 22, 2012.

On August, 8, 2012, Mr. Ruff-El voluntarily dismissed his

claims against Mr. Green and Mr. Swartz. Consequently, the only parties remaining in this case are the City defendants. Further, the only remaining claims against these defendants are a claim under 42 U.S.C. §1983 and various state law claims.

## II. Legal Standard

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required

to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

### III. Analysis

As noted above, Mr. Ruff-El has not responded to the motion. A non-movant's failure to respond to a motion for summary judgment does not itself warrant a grant of summary judgment in the moving party's favor. Federal Rule of Civil Procedure 56(e) provides:

> e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> ....
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it;

It is well-settled that, "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." Smith v. Hudson, 600 F.2d 60, 64 (6th Cir. 1979) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). That is, the non-movant's failure to respond does not relieve the movant of its burden to establish that "the moving party is entitled to [a judgment as a matter of law .]" Fed.R.Civ.P. 56(e)(3); see also Scipio v. Sony Music Entm't, Inc., 173 F. App'x 385, 393 (6th Cir. 2006). As a result, Mr. Ruff-El's failure to respond, standing alone, is not determinative of whether summary judgment is appropriate. Accordingly, the Court will examine the City defendants' motion and supporting materials to determine whether they are entitled to summary judgment.

A. Facts

In support of their motion, the City defendants have submitted a significant amount of evidentiary material. This material includes an affidavit from every named City defendant with the exception of former Police Chief Distelzweig and affidavits from two police officers responding to the incident giving rise to the complaint who are not named as defendants. They have also submitted various documents which would have been prepared at or near the time of the incident and are documents kept in the regular course of the Columbus Police Department's operations. Finally, they have submitted a compact disc containing several audio files. As noted above, Mr. Ruff-El has not responded to the motion for summary judgment and has not filed any evidentiary material setting forth any facts which could be considered by this Court. Consequently, the following facts, taken from the City defendants' exhibits, are undisputed.

On June 26, 2011, Gregory Green and Gregory Swartz arrived at Mr. Ruff-El's residence to repossess his car. A disagreement over the necessary paperwork culminated in a physical attack on Mr. Green. Mr. Green required immediate medical attention and was transported by ambulance to a hospital. See City Defendants' Exhibit 12.

Mr. Ruff-El and Mr. Swartz called 911. Officer Shana Reader of the Columbus Police Department, who is not named as a defendant in this case, was the first police officer to arrive on the scene. See Reader Affidavit ¶29. Through her initial investigation, she concluded that Mr. Ruff-El had either assaulted or feloniously assaulted Mr. Green. Id. at ¶51. As a result, she informed Mr. Ruff-El he would be detained during her investigation and secured him in the back of her cruiser without force. Id. at ¶¶42-44. When Columbus Police Officer Marcus

Miller arrived, he decided to handcuff Mr. Ruff-El for the remainder of the investigation. See Miller Affidavit ¶33. Officer Miller also is not named as a defendant in this action.

Based on the results of Mr. Green's assessment at the hospital, detectives from the Columbus Assault Squad chose not to treat the matter as a felonious assault. Rather, they left it to the patrol officers to determine whether to arrest Mr. Ruff-El and file misdemeanor assault charges against him or whether to release him and advise Mr. Green of the process for filing such charges himself. The officers chose to release Mr. Ruff-El without a formal arrest. See Reader Affidavit ¶¶74-78, Miller Affidavit ¶¶47-51, Daugherty Affidavit ¶¶29-32. During this time, Mr. Ruff-El was detained for approximately 90 minutes but not more than two hours. See Reader Affidavit ¶¶53-56.

Officer Josh Daugherty, named as a defendant, arrived on the scene some time after Mr. Ruff-El had been detained in the back of Officer Reader's cruiser. See Daugherty Affidavit ¶27. Officer Daugherty was not involved in any decision to detain or handcuff Mr. Ruff-El. Id. at ¶¶27-28. He was present when Officers Miller and Reader decided they would not be filing assault charges against Mr. Ruff-El but instead would be leaving that decision to Mr. Green. Id. at ¶30. He witnessed Mr. Ruff-El being removed from the cruiser and having his handcuffs removed but does not believe he had any physical contact with Mr. Ruff-El. Id. at ¶32.

Officer Lisa Ickes, named as a defendant, also arrived on the scene some time after Mr. Ruff-El had been detained in the back of Officer Reader's cruiser. See Ickes Affidavit ¶¶29-30. During the fifteen minutes she was there, Mr. Ruff-El was not handcuffed but was making a great deal of noise. Id. at ¶31, ¶34. When another officer arrived on the scene, Officer Reader informed her that she could leave. Id. at 38. She took no part

in any decisions regarding, nor had any physical contact with, Mr. Ruff-El. Id. at ¶¶41-44.

Officer Austin Summers, named as a defendant, did not have any contact with Mr. Ruff-El in connection with the events on June 26, 2011. His involvement was limited to checking on Mr. Green's condition at the hospital. See Summers Affidavit ¶18. Similarly, Officer Travis Fisher, named as a defendant, did not have any contact with Mr. Ruff-El. While he was originally dispatched to the incident, six minutes later while en route, he was cleared from the run. See Fisher Affidavit ¶16.

Further, Columbus Police Sergeants Larry Ferguson, John Sullivan, and Matt Harris and former Columbus Police Chief Walter Distelzweig had no involvement with the incident on June 26, 2011. See Reader Affidavit ¶¶82-85. Sgt. Ferguson is the direct supervisor of Officers Daugherty and Summers and approved the report prepared by Officer Miller. See Ferguson Affidavit ¶¶31-32. Sgt. Sullivan was not on duty on that day, but had he been he would have been the direct supervisor of Officer Ickes. See Sullivan Affidavit ¶15, ¶31. Similarly, Sgt. Harris was not on duty that day, but had he been he would have been the direct supervisor of Officer Fisher. See Harris Affidavit ¶15, ¶31.

### B. The Parties' Positions

In the complaint, Mr. Ruff-El states his §1983 claim in this way:

> Second Claim for relief: VIOLATION OF 42 U.S.C. SEC. 1983
>
> Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at his point.
>
> At all relevant times herein, Plaintiff had a right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his property.

> Defendants Nicholas Financial Inc. Attempted to take
> plaintiff property without due process of law.
>
> Defendant (Columbus police department and its officer)
> did not come to the aid of Pl.
>
> Defendant (Columbus police department and its officer)
> did not give plaintiff equal protect of the law.
>
> Defendants denied Pl rights, privileges, or immunities
> secured by the United States Constitution and State
> Constitution.
>
> Pl deprived of his rights to equal protection of all
> the laws
>
> Plaintiff was deprived of due process of law.
>
> Plaintiff was deprived of life liberty and happiness.
>
> Pl was harmed, has incurred considerable legal debt
> which would not otherwise have been incurred.
>
> Pl has suffered the loss of confidence in and feelings
> of betrayal by the justice system, shock, and emotional
> scarring, all compensable as emotional distress, and
> other damages.

Also relevant for purposes of the current summary judgment motion is the following allegation found on page four of the complaint under the heading "General Facts,"

> Columbus Police Officer then place plaintiff under
> arrest. Plaintiff remained under arrest for about one
> hour.

Taking all of these allegations together, the City defendants construe the complaint as attempting to assert a §1983 claim based on an alleged failure to prevent harm, deprivation of property, a Fourth Amendment violation, and possibly excessive use of force. They argue that Mr. Ruff-El cannot succeed on his §1983 claim for several reasons. First, they contend that no constitutional deprivation occurred here. In support of this position, they argue that there is no federal right to

-8-

assistance, Mr. Ruff-El was not deprived of his property on June 26, 2011, there was probable cause to arrest him, and no force, excessive or otherwise, was used against him.  Second, they contend that the City of Columbus is not subject to municipal liability because there was no deprivation and there is no evidence that any alleged deprivation was the result of a municipal custom, policy, or practice.  Third, they assert that the individual defendants cannot be held liable in their official capacities nor is there any proof of personal involvement such that they could be held liable in their personal capacities.  Fourth, they argue that Mr. Ruff-El cannot prevail against certain defendants under a supervisory liability theory.  Finally, they contend that they are entitled to qualified immunity.  With respect to Mr. Ruff-El's state law claims, the City defendants recognize that the Court would likely decline to exercise supplemental jurisdiction over these claims if the §1983 claim is dismissed, but set forth a number of reasons why the claims cannot survive summary judgment.

### C. Mr. Ruff-El's §1983 Claim

To maintain an action under 42 U.S.C. §1983, a plaintiff must demonstrate two elements: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Graham v. NCAA, 804 F.2d 953, 957 (6th Cir. 1986), citing Parratt v. Taylor, 451 U.S. 527, 535 (1981).  As set forth below, Mr. Ruff-El has failed to create any genuine issue of material fact with respect to the alleged deprivation of any constitutional rights.

To the extent, as defendants suggest, that Mr. Ruff-El is attempting to set forth a claim that the police were required to assist him in defending the alleged repossession of his car,

"[u]nless the police have a 'special relationship' with the victim, the victim has no constitutional right to have the police ... intervene to protect him from the actions of private actors." Weeks v. Portage County Executive Offices, 235 F.3d 275 (6th Cir. 2000). Moreover, the undisputed facts demonstrate that the police responded to the incident at Mr. Ruff-El's following the 911 call. Consequently, the motion for summary judgment will be granted as to any failure to assist claim.

Further, Mr. Ruff-El has not raised a genuine issue of material fact regarding any deprivation of his property. A plaintiff asserting a Fourteenth Amendment property deprivation claim must demonstrate that it resulted from either: "(1) an established state procedure that itself violates due process rights, or (2) a 'random and unauthorized act' causing a loss for which available state remedies would not adequately compensate the plaintiff." Warren v. City of Athens, 411 F.3d 697, 709 (6th Cir. 2005), quoting Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir. 1991). According to the City defendants, Mr. Ruff-El was not deprived of his car on June 26, 2011. Mr. Ruff-El has not disputed this fact nor has he come forward with any other evidence demonstrating the deprivation of any property as a result of the incident, let alone any deprivation by anyone acting under color of state law as required to prevail on a claim brought under §1983. Consequently, the motion for summary judgment will be granted as to any due process claim.

The City defendants contend, that, at least with respect to them, the focus of Mr. Ruff-El's 1983 claim seems to be his belief that he was arrested without probable cause. Certainly, any arrest without probable cause violates the Fourth Amendment. Crockett v. Cumberland College, 316 F.3d 571, 580 (6th Cir.2003) citing Klein v. Long, 275 F.3d 544, 550 (6th Cir. 2001). "An officer has probable cause when 'the facts and circumstances

known to the officer warrant a prudent man in believing that an offense has been committed.'" Miller v. Sanilac Cnty., 606 F.3d 240, 248 (6th Cir. 2010) (quoting Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959)); see also Radvansky v. City of Olmstead Falls, 395 F.3d 291, 305 (6th Cir. 2005) (an officer has probable cause when he discovers reasonably reliable information that a suspect has committed a crime) (internal citations omitted). The probable cause analysis is performed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Klein, 275 F.3d at 550 (citation and internal quotation marks omitted).

In his complaint, Mr. Ruff-El asserts that he was arrested and remained under arrest for approximately one hour. For purposes of their motion for summary judgment, the City defendants do not dispute Mr. Ruff-El's belief that he was arrested.

"'Whether an officer is authorized to make an arrest ordinarily depends, in the first instance, on state law.'" Logsdon v. Hains, 492 F.3d 334, 341 (6th Cir. 2007), quoting Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). According to Officer Reader's affidavit, she detained Mr. Ruff-El based on her conclusion that Mr. Ruff-El had committed an assault on Mr. Green. Reader Affidavit at ¶42. In Ohio, a person commits assault by knowingly or recklessly causing or attempting to cause physical harm to another. O.R.C. §2903.13. The causing or attempted causing of serious physical harm constitutes felonious assault. O.R.C. §2903.11. Consequently, Officer Reader had probable cause to arrest Mr. Ruff-El if, on the basis of the facts known to her, she could reasonably conclude that Mr. Ruff-El assaulted Mr. Green.

In support of their position that Officer Reader had the required probable cause, the City defendants detail 24 facts

-11-

known by Officer Reader prior to and during her time on the scene from which she reasonably concluded that Mr. Ruff-El had assaulted Mr. Green.  In her affidavit, Officer Reader summarizes the circumstances she encountered leading her to detain Mr. Ruff-El as follows:

> 41.  At the time, I had been presented with: (a) victim who had been beaten so severely that he had fluid leaking from his head and required immediate hospital attention; (b) a suspect who was in a hostile and agitated state and who had apparently inflicted the victim's injuries with his bare hands; (c) a suspect who had removed evidence from the scene; (d) a suspect who had at least indicated a willingness to remove himself from the scene.

As noted above, Mr. Ruff-El has provided no evidence to dispute Officer Reader's description of the information on which she based her decision to detain, or, from Mr. Ruff-El's perspective, arrest him.  The facts presented by Officer Reader, even construed in the light most favorable to Mr. Ruff-El, provide a basis on which she reasonably could conclude that Mr. Ruff-El had committed an assault.  Because no genuine issue of material fact exists on this issue, the motion for summary judgment will be granted as to any Fourth Amendment claim asserted by Mr. Ruff-El.

The City defendants also construe Mr. Ruff-El's complaint as attempting to state a claim of excessive force.  To the extent that Mr. Ruff-El's complaint can be read in this way, both Officers Reader and Miller state in their affidavits that they did not employ any force during the incident.  See Reader Affidavit §§40-44, 61-63; Miller Affidavit §§33-36.  Mr. Ruff-El has presented no evidence to the contrary.  Consequently, to the extent that Mr. Ruff-El may be suggesting he was subjected to excessive force, the motion for summary judgment will be granted.

Finally, the Court notes that Mr. Ruff-El refers, without

any specificity, to a violation of his equal protection rights in his §1983 claim. "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 239 (1976). It prohibits the States from making distinctions that burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference. Vacco v. Quill, 521 U.S. 793, 799 (1997). In order to prevail on any equal protection claim against the City defendants, Mr. Ruff-El must show that they acted with a discriminatory purpose, which means proving that they undertook a course of action "because of, not merely in spite of, the action's adverse effects upon an identifiable group." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation marks omitted). Mr. Ruff-El has not alleged any discriminatory purpose, let alone come forward with any evidence of such purpose, as required to prevail on an equal protection claim. Consequently, the City defendants are entitled to summary judgment on any equal protection claim.

In summary, Mr. Ruff-El has failed to raise any genuine issue of material fact as to the deprivation of his Constitutional rights as required to succeed under §1983. Because the motion for summary judgment will be granted on this ground, the Court will not consider the other arguments raised by the City defendants in defense of Mr. Ruff-El's §1983 claim.

IV. State Law Claims

Mr. Ruff-El also has set forth a number of state law tort claims in his complaint including breach of fiduciary duty, assault, battery, and fraud. To the extent that any of these state law claims are directed to the City defendants, because the motion for summary judgment will be granted as to the §1983 claim, the Court will decline to exercise supplemental

jurisdiction over these claims. See Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims").

## V. Remaining Motions

The City defendants have three discovery motions pending including a motion to compel or motion for sanctions based on Mr. Ruff-El's failure to participate in discovery (#72), a motion to deem certain matters admitted (#73), and a motion for sanctions based on Mr. Ruff-El's failure to attend his scheduled deposition (#75). Also pending is Mr. Ruff-El's motion to strike (#86). Because the motion for summary judgment will be granted in its entirety, all of these motions will be denied as moot.

## VI. Conclusion

For the reasons stated above, the motion for summary judgment (#79) is granted. All federal-law based claims are dismissed with prejudice. The state law claims are dismissed without prejudice. All other pending motions (#72, #73, #75 and #86) are denied as moot. The Clerk is directed to enter judgment in favor of the defendants.

/s/ Terence P. Kemp
United States Magistrate Judge